## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0052** (Randolph County 96-F-17)

**Cordell W. Parrack,**
**Defendant Below, Petitioner**


### MEMORANDUM DECISION

Petitioner Cordell W. Parrack, *pro se*, appeals the order of the Circuit Court of Randolph County denying petitioner's motion in arrest of judgment. Respondent State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner went to trial on April 8 and 9, 1996, and was found guilty by jury of aggravated robbery and conspiracy to commit robbery. He was sentenced by order dated May 16, 1996, to eighty years of incarceration for his conviction on one count of aggravated robbery, and to one to five years of incarceration on one count of conspiracy to commit robbery, to be served concurrently. Petitioner appealed his conviction to this Court, and the appeal was refused on September 3, 1997. Petitioner now appeals the circuit court's order dated December 21, 2012, denying petitioner's motion in arrest of judgment, filed on December 17, 2012. The circuit court found that the request was untimely under Rule 34 of the West Virginia Rules of Criminal Procedure, as such motions must be made within ten days of a plea or verdict.

This Court has stated as follows:

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

1

Syl., *In re Dandy*, 224 W.Va. 105, 680 S.E.2d 120 (2009) (per curiam). Petitioner herein argues that the circuit court should have granted his motion in arrest of judgment because the indictment for aggravated robbery was fatally defective, as it failed to allege all of the elements of robbery, and because the language contained in the indictment was not consistent with the language found in West Virginia Code § 61-2-12. This Court has held that although a motion in arrest of judgment must generally be filed within ten days of a guilty verdict or a plea, if the basis for the motion is a defective indictment, and the indictment is in fact defective, then the indictment may be challenged at any time. *See State v. Johnson,* 219 W.Va. 697, 639 S.E.2d 789 (2006). However, in this case, the Court finds that the indictment was sufficient. West Virginia Code § 61-2-12 as it existed in 1996 provided in pertinent part that "if any person commit or attempt to commit robbery . . . by the threat or presenting of firearms, . . . he shall be guilty of a felony." The indictment in this matter essentially mirrors that code section:

> Count 1: AGGRAVATED ROBBERY (WV Code § 61-2-12) That Cordell Wade Parrack and Stephen Parrack, on or about August 28, 1995, in the said County of Randolph, State of West Virginia, did unlawfully and feloniously rob the victim Jenny Lou Louk, agent for Roger Fussell dba Bruce Store located along US Route 250 south between Beverly and Dailey, of $315.00 cash, by the threat and presenting of a firearm, i.e., shotgun or rifle, with the intent to permanently deprive the victim of said property, against the peace and dignity of the State of West Virginia.

Since the indictment in this matter was not defective or insufficient, this Court finds no abuse of discretion in the circuit court's order denying the Rule 34 motion as untimely since it was filed approximately sixteen years after the verdict.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II